ERICA K. ROCUSH, SB #021297
Erica.Rocush@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for Defendant Orion Homes, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| William Winters, | No. 2:19-cv-002607-DLR |
| Plaintiff, | **ANSWER** |
| vs. | |
| Orion Homes, LLC, | |
| Defendant. | |

Defendant  Orion Homes, LLC ("Defendant") hereby submits its Answer to Plaintiff William Winters' ("Plaintiff") Complaint ("Complaint"), as follows:

**First Claim:  Violation of AEP, A.R.S. 23-1501**

**(Wrongful Termination)**

1.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained in paragraph 1.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Answering paragraph 3 of the Complaint, Defendant admits that the Court has jurisdiction over this matter.  Defendant denies engaging in the conduct alleged by Plaintiff in the Complaint and denies violating the enumerated laws or any other laws in regards to Plaintiff.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  was employed by Defendant beginning on or about August 28, 2018.  Defendant denies the
2  remaining allegations contained in paragraph 5 of the Complaint, and denies the
3  allegations contained in paragraph 5(A), 5(B) and 5(C) of the Complaint. Defendant lacks
4  sufficient knowledge or information to form a belief as to the allegations contained in
5  paragraph 5(D) of the Complaint, and on that basis denies the allegations contained in
6  paragraph 5(D).  Answering paragraph 5(E) of the Complaint, Defendant admits that
7  Plaintiff sent an email complaint, but denies that any of the allegations contained in the
8  complaint were true or based on any good faith belief.

9       6.    Defendant denies the allegations contained in paragraph 6 of the Complaint.
10       7.    Defendant denies the allegations contained in paragraph 7 of the Complaint.
11       8.    Defendant denies the allegations contained in paragraph 8 of the Complaint.
12  Defendant denies the allegations contained in the Prayer for the First Claim and
13  denies that Plaintiff is entitled to the relief requested or any relief from Defendant.

14  **Second Claim:  Violation of the Anti-Retaliation Provisions of the False Claim Act, 31**
15  **U.S.C. 3730**

16       1.    Answering paragraph 1 of the Complaint, Defendant hereby incorporates by
17  reference all of the foregoing responses to the Complaint as though fully set forth herein.
18       2.    Defendant denies the allegations contained in paragraph 2 of the Complaint.
19       3.    Defendant denies the allegations contained in paragraph 3 of the Complaint.
20       4.    Defendant denies the allegations contained in paragraph 4 of the Complaint.
21       5.    Defendant denies the allegations contained in paragraph 5 of the Complaint.
22  Defendant denies the allegations contained in the Prayer for the Second Claim and
23  denies that Plaintiff is entitled to the relief requested or any relief from Defendant.

24  **GENERAL DENIAL**

25  Defendant denies all allegations and inferences of the Complaint that are not
26  expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and
27  denies causing recoverable damages to Plaintiff, as alleged in the Complaint or at all.
28

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4839-8383-1958.1

2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Even if Defendant engaged in the conduct alleged by Plaintiff, which allegations Defendant denies, such actions or failure to act were not willful.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to support any granting of extraordinary or equitable relief, as Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by virtue of his own inequitable conduct, is estopped from recovery on the Complaint and each claim for relief therein.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

### SIXTH AFFIRMATIVE DEFENSE

Defendant maintained reasonable procedures to assure compliance with statutory requirements, and Defendant has substantially complied with any and all applicable statutes, regulations and/or laws.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged actions of Defendant were proper and did not violate any provisions of any statute.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action or purported cause of action contained therein is barred because Defendant's conduct at all relevant times mentioned

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8383-1958.1

3

1   herein was justified and/or privileged as a matter of law and that any breach, if in fact one

2   occurred, was excused under the factual circumstances alleged therein.

### NINTH AFFIRMATIVE DEFENSE

4   Plaintiff has, or may have, failed to exhaust administrative remedies required by

5   law.

### TENTH AFFIRMATIVE DEFENSE

7   Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive

8   damages.

### ELEVENTH AFFIRMATIVE DEFENSE

10  Plaintiff is not entitled to recover any penal or punitive damages, as any award of

11  penalties would in general or under the facts of Plaintiff's claims, violate Defendant's

12  constitutional rights under the provisions of the United States Constitution, including but

13  not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the

14  United States Constitution and the excessive fines and the cruel and unusual punishment

15  clauses of the Eighth Amendment of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

17  If Defendant's conduct is deemed to have been substantially motivated by

18  Plaintiff's protected conduct (which Defendant denies), Defendant would have taken the

19  same employment actions regardless of any such alleged motive.

### THIRTEENTH AFFIRMATIVE DEFENSE

21  Plaintiff's Complaint fails to state sufficient facts and/or claims upon which relief

22  may be granted as to some or all causes of action.

### FOURTEENTH AFFIRMATIVE DEFENSE

24  Plaintiff's claims for damages are or may be barred or reduced by application of the

25  after-acquired evidence doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

27  Plaintiff's claims for damages are or may be barred or reduced by his failure to

28  mitigate his damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8383-1958.1                                    4

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any and all decisions regarding Plaintiff's terms and conditions of employment were not motivated by retaliatory animus but rather on the basis of sound legitimate business reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of equity, including, without limitation, waiver, estoppel, laches, and unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, Defendant performed and discharged in good faith each and every obligation owed, if any, to Plaintiff, acting without malice and with the good faith belief in the propriety of its conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, Defendant's actions with regard to Plaintiff were justified and privileged, and without retaliation.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, were motivated by factors other than unlawful retaliation and were reasonable in response to a legitimate business necessity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

At the time of Plaintiff's termination, there existed a legitimate reason to terminate Plaintiff which, standing alone, would have induced Defendant to make the same decision to terminate Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amending this Answer as discovery continues.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8383-1958.1                                          5

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.   That Plaintiff takes nothing by reason of the Complaint on file herein and that

3 said Complaint be dismissed with prejudice;

4    2.   For attorneys' fees as appropriate and costs of suit herein;

5    3.   That judgment be entered in favor of Defendant and against Plaintiff; and

6    4.   For such other and further relief as the Court deems just and proper.

7    DATED this 21st day of May, 2019.

8                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

9

10                                   By   s/ *Erica K. Rocush*
                                           Erica K. Rocush
11                                         *Attorneys for Defendant Orion Homes,*
                                           *LLC*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4839-8383-1958.1                          6

1                           **CERTIFICATE OF SERVICE**

2         I hereby certify that on May 21, 2019, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants:

5 Michael Zoldan
Jessica Miller
6 ZOLDAN LAW GROUP, PLLC
14500 North Northsight Boulevard
7 Suite 133
Scottsdale, AZ 85260
8 *Attorneys for Plaintiff*

9

10   s/ *Laura M. Nagelkirk*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8383-1958.1              7